UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HEALTHWAYS SC, LLC,
a foreign limited liability corporation,

    Plaintiff,

v.

    Case No.:

ST. VINCENT'S HEALTH SYSTEM, INC.
d/b/a ST. VINCENT'S HEALTHCARE,
a Florida corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, HEALTHWAYS SC, LLC (hereinafter, "Healthways"), by and through the undersigned counsel, and hereby sues Defendant, ST. VINCENT'S HEALTH SYSTEM, INC. d/b/a ST. VINCENT'S HEALTHCARE (hereinafter, "St. Vincent's"). In support thereof, Healthways states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Healthways, is a Delaware limited liability company registered to do business in the state of Florida, owning and managing assets utilized in a health and wellness digital engagement platform that provides consumers with personalized information, programs and resources to improve their health. Healthways is now managed by Sharecare, Inc.

2. Defendant, St. Vincent's, is a Florida corporation with its principal address located at 1 Shircliff Way, Suite 1114, Jacksonville, Florida 32204, which at all relevant times, owned and operated health care centers in northeast Florida.

3. Jurisdiction of this Court arises under 28 United States Code, Section 1332, as the parties are citizens of different States and the amount in controversy exceeds $75,000.

4. St. Vincent's is subject to the jurisdiction of this Court as St. Vincent's regularly transacts business in this District, and the events described herein occurred in this District.

5. Venue is proper in this District as the acts and transactions described herein occurred in this District, and the St. Vincent's principal place of business is in this District.

## GENERAL ALLEGATIONS

6. Dr. Ornish's Program for Reversing Heart Disease™ (hereinafter, the "Ornish Program"), developed by Dr. Dean Ornish, M.D., is an intensive cardiac rehabilitation program designed to address the progression of coronary artery disease by delivering certain interventions to persons enrolled in the program (hereinafter, "Participants"), focusing on nutrition, activity, and stress management, as well as love and support.

7. In 2015, Healthways Ornish LLC, a wholly-owned subsidiary of Healthways, Inc., held an exclusive license from Dr. Ornish to the Ornish Program.

8. On February 1, 2015, Healthways Ornish LLC and St. Vincent's entered into the Ornish Program License Agreement (hereinafter, the "License Agreement").  *Please see* attached a true and correct copy of the License Agreement, labeled **Exhibit "A."**

9. On February 1, 2015, American Healthways Services LLC, another wholly-owned subsidiary of Healthways, Inc., and St. Vincent's entered into the Ornish Program Accreditation and Support Services Agreement (hereinafter, the "Services Agreement") and a Contract Addendum.  Please see attached true and correct copies of the Services Agreement and the Contract Addendum, labeled **Exhibit "B"** and **Exhibit "C,"** respectively (collectively, the Service Agreement, License Agreement, and Contract Addendum are referred to as the "Ornish Program Agreements").

10. The Ornish Program Agreements allowed St. Vincent's to become accredited to

operate the Ornish Program within its service areas and licensed to deliver the Ornish Program to Participants.  *See* Exhibit A, pp.1-2; Exhibit B, pp. 1-2.

11. Under the terms of the Ornish Program Agreements, Healthways Ornish LLC and American Healthways Services LLC agreed to provide St. Vincent's with certain services, including Ornish Program accreditation, staff training programs, an online private portal to Ornish Program software, and license to use the Ornish Program intellectual property and marks.

12. In or about July 2016, Healthways acquired Healthways Ornish LLC's and American Healthways Services LLC's assets, including the Ornish Program license and Ornish Program Agreements.  At the time of the assets' acquisition, Healthways was an affiliated entity to both Healthways Ornish LLC and American Healthways Services LLC.  *Please see* attached a true and correct copy of the relevant pages of the Contribution and Assumption Agreement and Schedule 1(a): Customer Contracts, labeled **Composite Exhibit "D."**

13. Healthways is the successor in interest to Healthways Ornish LLC's and American Healthways Services LLC's rights under the Ornish Program Agreements.

14. Healthways Ornish LLC, American Healthways Services LLC, and Healthways fully performed under the Ornish Program Agreements and has materially complied with and completed all obligations under the Ornish Program Agreements at all relevant times herein.

15. Under the terms of the Ornish Program Agreements, St. Vincent's was obligated to pay a monthly fee to Healthways, its predecessors in interest or both, which at all material times herein was $16,670.00 per month.  *See* Exhibit B, ¶ 12(a)(iii).

16. Under the terms of the Ornish Program Agreements, St. Vincent's monthly payments were due within thirty (30) days after the date of invoice, and late payments shall bear interest at the lesser of the rate of one and one-half percent (1.5%) per month or the highest rate

permissible under applicable law, calculated daily and compounded monthly. *See* Exhibit B, ¶ 12(b). Additionally, Healthways's failure to request or demand payment of interest does not constitute a waiver of its right to receive interest on late payments. *Id.* at ¶ 19.

17. Pursuant to the Ornish Program Agreements, Healthways, its predecessors in interest or both, submitted invoices to St. Vincent's on a monthly basis. *See* Exhibit B, ¶ 12(b).

18. After August 1, 2016, St. Vincent's accepted services under the Ornish Program Agreements.

19. After August 1, 2016, St. Vincent's received monthly account statements from Healthways or its predecessors in interest.

20. After August 1, 2016, St. Vincent's made payments to Healthways or its predecessors in interest, as agreed, on certain monthly account statements rendered from Healthways.

21. On or about November 30, 2016, St. Vincent's failed to pay its monthly invoice rendered and dated October 31, 2016, and thus breached its contractual obligations under the express terms of the Ornish Program Agreements.

22. St. Vincent's also failed to pay its monthly invoices rendered and dated March 8, 2017 through February 2, 2018, for a total of thirteen (13) unpaid monthly statements or invoices (hereinafter collectively, the "Unpaid Invoices"). *Please see* attached true and correct copies of the Unpaid Invoices, labeled as **Composite Exhibit "E."**

23. St. Vincent's failed to object to any of the monthly account statements Healthways or its predecessors in interest rendered to St. Vincent's, up to and including the February 2, 2018 statement. *See* Exhibit E.

24. The Term of the Ornish Program Agreements was for an initial term of three (3)

years from the Effective Date of February 1, 2015 (hereinafter, the "Initial Term"), automatically renewing for successive terms of one (1) year, unless either party gave the other party written notice of its intent not to renew the agreements at least ninety (90) days prior to the expiration of the then current Term.  *See* Exhibit A, ¶ 7(a); Exhibit B, ¶ 11(a).

25. On or about September 6, 2017, St. Vincent's provided notice to Healthways indicating its intent not to renew the Ornish Program Agreements.

26. Accordingly, the Ornish Program Agreements terminated upon the expiration of the Initial Term on February 1, 2018.

27. As of January 15, 2021, St. Vincent's has an outstanding balance of not less than $216,710 due and owing to Healthways under the Ornish Program Agreements, together with interest as provided under the Ornish Program Agreements or Florida law.

28. Healthways has attempted to collect the past due amounts owed.  Notwithstanding its efforts, St. Vincent's has failed or refused to pay those amounts due and owing.

29. Healthways has retained the undersigned attorneys to represent it in this action and is obligated to pay its counsel reasonable attorneys' fees and costs.

30. At all material times herein, St. Vincent's acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

31. All necessary conditions precedent to the filing of this action occurred, or St. Vincent's has waived the same.

## COUNT ONE:
## BREACH OF CONTRACT

32. Healthways re-alleges paragraphs one (1) through thirty-one (31), as if fully restated herein.

33. The Ornish Program Agreements are valid contracts evidencing St. Vincent's desire to utilize and pay for the license, accreditation, and support services thereunder, and Healthways's and its affiliated predecessors' agreement to provide such license, accreditation, and support services under the terms set forth therein.

34. Pursuant to the Ornish Program Agreements, Healthways agreed to license and accredit St. Vincent's to deliver the Ornish Program and to provide certain support services detailed in the Services Agreement.

35. Healthways or its predecessors in interest or both properly performed its obligations under the Ornish Program Agreements throughout the Initial Term.

36. In consideration of the delivery of the above-referenced license, accreditation, and other services, St. Vincent's agreed under the Ornish Program Agreements to remit payment in full within thirty (30) days of the date of the monthly invoices.

37. Healthways or its predecessors in interest or both properly invoiced St. Vincent's each month under the terms of the Ornish Program Agreements.

38. St. Vincent's accepted delivery of the above-referenced license and services delivered the Ornish Program to Participants and received financial benefits from operation of the Ornish Program.

39. St. Vincent's failed to pay Healthways or its predecessors in interest in full as required by the Ornish Program Agreements. Accordingly, St. Vincent's has materially breached its obligations under the Ornish Program Agreements.

40. Healthways has been damaged as a direct and proximate result of St. Vincent's breach of contract in an amount not less than $216,710, which is due with interest since November 30, 2016, as provided in the Ornish Program Agreements.

## COUNT TWO:
## ACCOUNT STATED
### *(In the Alternative)*

41. Healthways re-alleges paragraphs one (1) through thirty-one (31), as if fully restated herein.

42. Prior to the institution of this action and pursuant to the Ornish Program Agreements, Healthways or its predecessors in interest or both and St. Vincent's had transactions between them.

43. More specifically, St. Vincent's agreed to pay a monthly fee to Healthways or its predecessors in interest or both for the license, accreditation, and support services to enable St. Vincent's to administer the Ornish Program at its program sites.

44. Healthways or its predecessors in interest or both furnished St. Vincent's with such license, accreditation, and support services, and St. Vincent's delivered the Ornish Program to Participants.

45. Healthways or its predecessors in interest or both rendered monthly account statements (i.e., the Unpaid Invoices) to St. Vincent's, each of which reflected the items included in the bill, the time of accrual, the date payment is due, and the amount of the fee due. *See* Unpaid Invoices, Composite Exhibit E.

46. St. Vincent's failed to object to any of the monthly account statements (i.e, the Unpaid Invoices) within a reasonable time from the date each such statement was rendered, including the last such statement rendered to St. Vincent's on February 2, 2018.

47. As a result, St. Vincent's implicitly promised to pay Healthways or its predecessors in interest or both the amount set forth in the Unpaid Invoices.

48. St. Vincent's has not paid all the Unpaid Invoices, namely the amounts owed under

the account.

49. St. Vincent's owes Healthways $216,710, which is due with interest on the account since November 30, 2016 as provided in the Ornish Program Agreements or at the maximum rate amount allowed under Florida law.

**COUNT THREE:**
**<u>UNJUST ENRICHMENT</u>**
*(In the Alternative)*

50. Healthways re-alleges paragraphs one (1) through thirty-one (31), as if fully restated herein.

51. Healthways or its predecessors in interest or both provided the Ornish Program license, accreditation, and support services to St. Vincent's.

52. St. Vincent's accepted and retained the license, accreditation, and support services that Healthways and its predecessors in interest provided and accepted the benefits thereof, including payment from Medicare for the treatment of Ornish Program Participants.

53. St. Vincent's failed to pay for the license, accreditation, and support services reflected in the Unpaid Invoices attached hereto as Composite Exhibit "E," and unjustly enriched itself at the expense of and to the detriment of Healthways and its predecessors in interest.

54. If no contract is found to govern the parties' relationship, Healthways is entitled to recover the reasonable value of the license, accreditation, and support services it and its predecessors in interest provided to, and that was accepted by, St. Vincent's under the Ornish Program.

55. The reasonable value of the license, accreditation, and support services provided to St. Vincent's is an amount not less than $216,710, plus pre-judgment interest at the maximum rate allowed under Florida law.

## COUNT FOUR:
## QUANTUM MERUIT
*(In the Alternative)*

56. Healthways re-alleges paragraphs one (1) through thirty-one (31), as if fully restated herein.

57. If no contract is found to govern the parties' relationship, St. Vincent is liable to Healthways under the theory of *quantum meruit*.

58. Healthways and its predecessors in interest provided St. Vincent's with the Ornish Program license, accreditation, and support services, thereby conferring benefits upon St. Vincent's.

59. Healthways and its predecessors in interest did not provide its Ornish Program license, accreditation, and support services gratuitously, but rather, provided them with an expectation of compensation.

60. St. Vincent's accepted and retained the Ornish Program license, accreditation, and support services that Healthways and its predecessors in interest provided, and St. Vincent's accepted the benefits thereof.

61. St. Vincent's understood and appreciated that Healthways and its predecessors in interest were providing the Ornish Program license, accreditation, and support services with an expectation of compensation.

62. St. Vincent's utilization and retention of Healthways's Ornish Program license, accreditation, and support services without payment is inequitable.

63. Healthways has been damaged as a result of St. Vincent's conduct and is owed not less than $216,710, plus pre-judgment interest at the maximum rate allowed under Florida law.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of St. Vincent's conduct, Healthways respectfully requests an entry of:

    a.    Judgment against St. Vincent's for breach of contract, including interest as calculated under the Ornish Program Agreements;

    b.    Alternatively, judgment against St. Vincent's for account stated, including pre-judgment interest as calculated under the Ornish Program Agreements or the maximum rate allowed under Florida law;

    c.    Alternatively, judgment against St. Vincent's for unjust enrichment, including pre-judgment interest at the maximum rate allowed under Florida law;

    d.    Alternatively, judgment against St. Vincent's for *quantum meruit*, awarding Healthways the reasonable value of the Ornish Program license, accreditation, and support services it provided to St. Vincent's, including pre-judgment interest at the maximum rate allowed under Florida law;

    e.    Actual damages in an amount to be determined at trial;

    f.    Post-judgment interest at the maximum rate allowed under Florida law; and

    g.    Any other such relief the Court may deem just and proper.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Healthways hereby gives notice to St. Vincent's and demands that St. Vincent's and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Dated: March 11, 2021.

                                                              Respectfully submitted,

                                                              LEAVENLAW

/s/ *Ian R. Leavengood*
**[X] Ian R. Leavengood, Esq., FBN 0010167**
☐ **Philip M. Piazza, Esq., FBN 092961**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ppiazza@leavenlaw.com
service@leavenlaw.com
*Attorneys for Plaintiff*
